IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ERUNTA KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-012 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; ANTOINE CALDWELL; | ) | |
| EDGINALD GIBBONS; TRENDOWSKI | ) | |
| SCOTT; DANIEL GREENE; JOHN DOE | ) | |
| #1; and JOHNSON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983. The Court **REPORTS** and **RECOMMENDS** the motion for judgment on the pleadings by Defendants Georgia Department of Corrections, Caldwell, Gibbons, Scott, and Greene be **GRANTED**. (Doc. no. 4.) In exercise of its statutory power to screen *pro se* complaints, the Court also **REPORTS** and **RECOMMENDS** Defendants John Doe #1 and Johnson County, and all claims against them, be **DISMISSED**. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A. Lastly, the Court **REPORTS** and **RECOMMENDS** this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff names the following Defendants:   (1) Georgia Department of Corrections ("GDC"), (2) Antoine Caldwell, (3) Edginald Gibbons, (4) Daniel Greene, (5) Trendowski Scott, (6) John Doe #1, and (7) Johnson County.   (Doc. no. 1-1, pp. 2, 9.)   Taking all of Plaintiff's factual allegations as true, as the Court must at the pleadings stage, and drawing all reasonable inferences in Plaintiff's favor, the facts are as follows.

On August 27, 2020, around 8:45 to 9:30 a.m., Plaintiff was "a mental health level (3) offender" and was experiencing a mental health crisis.  (Id. at 6, 7.)  He requested to speak with a mental health counselor, but his request was denied.  (Id. at 7.)  Instead, Defendants Scott, Greene, and Gibbons were called to his dormitory.  (Id.)  Defendants Scott and Greene handcuffed Plaintiff behind his back, lifted him up, and slammed him into the cement floor. (Id. at 6.)   Defendant Gibbons "looked on and laughed."   (Id.)   Plaintiff was knocked unconscious.  (Id.)

Upon regaining consciousness, Plaintiff felt "a severe pain" in his lower back, shoulder, and head, and his mouth was bleeding.  (Id.)  Plaintiff "pleaded with staff" to be taken to medical because he believed his shoulder was dislocated, and he had an "obvious head injury." (Id. at 11.)   However, Defendant Gibbons refused his request and escorted him to another dormitory while he was still bleeding.  (Id.)  As a result of this incident, Plaintiff experiences constant headaches, blurred vision, and numbness and swelling in his upper extremities.  (Id. at 6.)  For relief, Plaintiff seeks an appointed attorney and $10 million.  (Id. at 7.)

On July 18, 2022, Plaintiff filed an amended complaint in Kennedy v. Georgia Department of Corrections, et al., CV 322-059, doc. no. 15 (S.D. Ga. June 3, 2022) ("CV 322-

059"), asserting claims against Defendants (1) Johnson County, (2) Unknown Officer, (3) Sgt. Scott, and (4) Edginald Gibbons.  Plaintiff filed his original complaint in the Middle District of Georgia, which was transferred to this District on June 7, 2022.  CV 322-059, doc. nos. 5, 6.  Plaintiff's original complaint named as Defendants:  (1) Georgia Department of Corrections, (2) Antoine Caldwell, (3) Edginald Gibbons, (4) CERT Team Scott, and (5) CERT Team Greene as Defendants.  Id., doc. no. 1, pp. 1, 2.

Plaintiff's amended complaint in CV 322-059 alleged Defendants Green and Scott handcuffed him and slammed him to the ground on August 27, 2020, around 8:45 a.m. to 9:30 a.m.  Id., doc. no. 15, pp. 5, 12.  He also contended he was knocked unconscious, and Defendant Gibbons watched the incident and encouraged the "senseless beating of a mentally diagnosed Level III inmate."  Id., pp. 5, 13.  He further averred he experienced injuries to his neck, back, shoulder, and upper extremities, and he did not receive any medical treatment after the alleged assault.  Id., p. 5.

On September 14, 2022, the Court screened Plaintiff's amended complaint and ordered service of process against Defendants Greene, Scott, and Gibbons in their individual capacities for excessive force claims.  Id., doc. no. 21.  The Court recommended the remaining Defendants, as well as the official capacity claim for monetary damages against Defendants Greene, Scott, and Gibbons, be dismissed.  Id., doc. nos. 19-20.  On October 7, 2022, United States District Judge Dudley H. Bowen, Jr. adopted the Magistrate Judge's Report and Recommendation ("R&R").  Id., doc. no. 23.

Following an unsuccessful mediation, the Court held a jury trial on February 25, 2025, regarding Plaintiff's excessive force claims against Defendants Greene, Gibbons, and Scott.  Id., doc. nos. 43, 66.  The jury returned a verdict in favor of all three Defendants.  Id., doc. no. 73.

3

Judgment was entered in their favor on March 5, 2025.  Id., doc. no. 78.  Plaintiff filed a notice of appeal, but his appeal was dismissed for want of prosecution.  Id., doc. nos. 79, 82, 84.

On November 6, 2025, the Clerk of Court in the Superior Court of Johnson County docketed the instant suit containing the same claims as CV 322-059.  (See generally doc. no. 1-1.)

### B.    Procedural History

Plaintiff filed his original complaint *pro se* in the Superior Court of Johnson County. (Doc. no. 1-1.)  On November 6, 2025, the Clerk of Superior Court issued a summons to all Defendants as identified in the complaint.  (Doc. no. 1-3, p. 3.)  On February 23, 2026, Defendants GDC, Caldwell, Gibbons, Scott, and Greene filed a special appearance answer in state court.  (Doc. no. 1-2.)  On February 26, 2026, these Defendants removed the case to federal court.  (See doc. no. 1.)  The Notice of Removal avers counsel for the removing Defendants received a copy of the complaint through mail but were not served with process. (Id. at 2.)  The removing Defendants thereafter filed a motion for judgment on the pleadings on March 10, 2026.  (Doc. no. 4.)  Plaintiff did not respond.

## II.    MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants GDC, Caldwell, Gibbons, Scott, and Greene (the "moving Defendants") contend Plaintiff's claims against them should be dismissed because res judicata and the statute of limitations bar Plaintiff's claims.  (See doc. no. 4.)  They also argue the Eleventh Amendment and sovereign immunity bar Plaintiff's claims against GDC and his official capacity claims against Defendants, and any state law claims should be dismissed without prejudice.  (See id.)  Plaintiff has not responded to the motion, and it is therefore deemed unopposed.  See Loc. R. 7.5.

### A.    Legal Standard for a Rule 12(c) Motion

"Judgment on the pleadings is appropriate where there are no material facts in dispute

4

and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation omitted). "We accept as true all material facts alleged in the non-moving party's pleadings, and we view those facts in the light most favorable to the non-moving party." Id. As a motion for judgment on the pleadings under 12(c) and a motion to dismiss under 12(b)(6) are almost identical in form and relief, courts apply the same legal standard in assessing both motions. See Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc., 173 F. Supp. 3d 1324, 1327 (N.D. Ga. 2016) ("The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6).") (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

Under the Rule 12(b)(6) standard, the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual

enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.      Plaintiff's Claims Against the Moving Defendants Are Barred by Res Judicata**

"The doctrine of claim preclusion (or res judicata) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit."  Shurick v. Boeing Co., 623 F.3d 1114, 1116 (11th Cir. 2010).  For the doctrine to apply, four elements must be met: "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action."  Id. at 1116-17. Additionally, the party must have had "a full and fair opportunity to litigate the claims and issues settled in a previous suit."  Morris v. May, 570 F. App'x 903, 905 (11th Cir. 2014).  To determine whether the causes of action are the same, courts look to the factual issues in the second lawsuit and compare them to the first lawsuit, and if the case arises out of the same nucleus of operative fact, then the "two cases are really the same."  Id. at 906.

The Defendants alleged in the instant case are the same as the named defendants in CV 322-059.  See id.; (doc. no. 1-1.)  Further, the facts in the present case are precisely the same as Plaintiff alleged in CV 322-059.  See CV 322-059, doc. no. 15, pp. 4-5, 12-13.  Indeed, the claims arise from the same common nucleus of operative fact.  See, e.g., Simmons v. Coffee Co., No.

5:14-cv-19, 2014 WL 6455137, at \*4 (S.D. Ga. Nov. 13, 2014) ("Plaintiff asserts the same causes of action against these Defendants[] because the two cases arise out of the same nucleus of operative fact—Plaintiff's imprisonment following his arrest and the property dispute."). Specifically, in both cases, Plaintiff claims that on August 27, 2020, he was a mental health offender, Defendants Greene and Scott slammed him to the ground while Defendant Gibbons observed, and as a result, Plaintiff was knocked unconscious and suffered various injuries. CV 322-059, doc. no. 15; (doc. no. 1-1).

In CV 322-059, the Court first screened Plaintiff's amended complaint, ordered service on Defendants Greene, Scott, and Gibbons for excessive force claims, and dismissed Defendants GDC and Caldwell for failure to state a claim. CV 322-059, doc. nos. 19-21. Later, a jury returned a verdict in favor of Defendants Greene, Scott, and Gibbons as to the excessive force claims, and the Clerk of Court entered a judgment in their favor following the trial. Id., doc. nos. 73, 78. Thus, Plaintiff's claims were all "adjudication[s] on the merits for res judicata purposes." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (*per curiam*). In sum, Plaintiff was given a full and fair opportunity to litigate his claims and cannot now attempt to re-litigate the claims. Morris, 570 F. App'x at 905.

### C. Plaintiff's Claims Against the Moving Defendants Are Barred by the Statute of Limitations

Even if Plaintiff's claims against the moving Defendants were not barred by res judicata, they are nevertheless time-barred. Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Chapman v. Dunn, 129 F.4th 1307, 1315 (11th Cir. 2025); Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007)

7

(*per curiam*).  In Georgia, such claims for injuries to the person must be brought within two years of their accrual.  Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Chapman, 129 F.4th at 1315 (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)).  Under § 1983, a claim accrues "once the plaintiff knows or should know 'the injury that forms the basis of [his] complaint,' as well as who caused that injury."  Id. (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (*per curiam*)); see also Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

Here, Plaintiff dated his complaint March 15, 2023, and the Superior Court of Johnson County received it for filing on November 6, 2025.[1]  (See doc. no. 1-1.)  However, Plaintiff's alleged claims took place on August 27, 2020.  (Id. at 5.)  Therefore, the facts which would support a cause of action were apparent to Plaintiff by at least August 27, 2020, thus, they are outside of the two-year statute of limitations period and subject to dismissal.

Therefore, because both res judicata and the statute of limitations bar Plaintiff's claims, the moving Defendants' motion for judgment on the pleadings should be **GRANTED**.  (Doc. no. 4.)  Dismissal of the moving Defendants and all claims against them is therefore appropriate.  Because the Court decides the motion on these bases, the Court does not address the

---

[1] There is no explanation for the roughly year and a half gap between Plaintiff's signature date and the date the complaint was filed in state court.  Nonetheless, even taking the earlier date – Plaintiff's signature date – as the starting point, Plaintiff's claims against the moving Defendants are time-barred for the reasons explained in Section II.C.

moving Defendants' sovereign immunity and Eleventh Amendment arguments.  The Court further dismisses any state law claims without prejudice in Section IV *infra*.

## III.  SCREENING THE COMPLAINT FOR THE REMAINING DEFENDANTS

Notwithstanding any filing fee paid upon removal, Plaintiff's complaint must be screened to protect potential defendants.  28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### A.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S. at 678.  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines, 404 U.S. at 520. However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow, 450 F.3d at 1320.

### B.    Plaintiff Fails to State a Claim Against Defendants John Doe #1 and Johnson County

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants John Doe #1 and Johnson County in the caption of his complaint, Plaintiff does not mention these Defendants anywhere in the statement of his claim nor does he make any allegations associating these Defendants with any purported constitutional violations. (See generally doc. no. 1-1.) Dismissal of Defendants John Doe #1 and Johnson County is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Moreover, Plaintiff inadequately identifies Defendant John Doe #1.  Generally, "fictitious-party pleading is not permitted in federal court."  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted).  An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'"  Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]"  Id.  Here, Plaintiff has similarly identified the unknown defendant as "John Doe #1."  (See generally doc. no. 1-1.)  This description is insufficient to enable the officer to be identified from among the many other correctional officers and served with process.  Thus, dismissal of Defendant John Doe #1 is appropriate.

Further, Plaintiff also fails to state a claim against Defendant Johnson County.  To impose § 1983 liability on a county, Plaintiff must show three things:  (1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation.  See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  Here, Plaintiff does not allege Johnson County had a custom or policy that violated his constitutional rights, much less does he allege such a policy or custom caused the violation.  (See generally doc. no. 1-1.)  Rather, his claims center around the purported excessive use of force by Defendants Greene, Scott, and Gibbons.  (See generally id.)  Thus, even if the Court assumed arguendo Plaintiff could show his constitutional rights had been violated, he fails to state a claim against Defendant Johnson County because he did not allege two elements required to impose § 1983 liability.

As explained above, Plaintiff fails to state a claim against Defendants John Doe #1, and Johnson County.  Accordingly, these two Defendants should be dismissed.

11

## IV.    ANY POTENTIAL STATE LAW CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint regarding the incident with Defendants Scott, Greene, and Gibbons, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court.  Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d

12

788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction.  Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

V.      CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion for judgment on the pleadings be **GRANTED** as to Defendants Georgia Department of Corrections, Caldwell, Gibbons, Scott, and Greene and any claims against them.  (Doc. no. 4.)  The Court also **REPORTS** and **RECOMMENDS** Defendants John Doe #1 and Johnson County, and all claims against them, be **DISMISSED**.  See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.  The Court further **REPORTS** and **RECOMMENDS** any potential state law claims be dismissed without prejudice.  Should the presiding District Judge adopt this recommendation, the Court also **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of April, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

13